UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GUSTAVO REYNOSO,

                     Petitioner,        **MEMORANDUM & ORDER**
      -against-                                     05-CV-3000 (ERK)

GIAMBRUNO,

                     Respondent,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Korman, J.

      I assume familiarity with the procedural and factual background of the petition for a writ of habeas corpus that raises a number of issues.

      1.      Petitioner's Confrontation Clause claim was rejected by the New York Court of Appeals. On its face, the decision was not contrary to, nor did it involve an unreasonable application, of clearly established law. People v. Reynoso, 2 N.Y. 3d 820 (2004). Nevertheless, an aspect of petitioner's argument that was not addressed by the Court of Appeals undermines the validity of its holding. While the Court of Appeals correctly held that the Confrontation Clause was not violated by the admission of a part of the confession of petitioner's accomplice, because it was not admitted for its truth, the jury was not instructed as to the limited purpose for which it was admitted.

      On the other hand, petitioner never requested a limiting instruction. Indeed, the District Attorney argued that the failure to make such a request constituted a procedural forfeiture. This argument was not relied on by either the Appellate Division or the Court of Appeals, nor did they address petitioner's argument that the failure to give a limited instruction permitted the jury to consider the accomplices' confession for the truth of the matter asserted. Significantly however, the use that the District Attorney made of the

accomplices' confession was consistent with the purpose for which it was admitted. Tr. 725, lines 17-23. This argument, however, goes to the harmlessness error and not whether error was committed.

Because a limiting instruction was necessary to avoid a Confrontation Clause violation and none was given, and because this claim was not found to have been procedurally forfeited, I conclude that the holding that the Confrontation Clause was not violated is contrary to, and or unreasonable application, of clearly established Supreme Court law. See Tennessee v. Street, 471 (U.S. 409 (1985). Nevertheless, I conclude that the error was harmless for the reasons stated at pp. 32-34 of the Appellate Division Brief of the District Attorney. The defendant gave a full confession. Unless he took the stand to explain why he confessed, he had little chance of an acquittal. The only part of his accomplices' confession that was admitted was the statement that, during the robbery, "the lookouts were on the street." Petitioner was not named.

The extent to which this snippet may have assisted the prosecution, beyond the extent to which it was admissible, was not sufficiently significant to have affected the outcome. Specifically, petitioner admitted that his role in the robbery with which he was charged was to act as a lookout. Because he said that he stood at a gas pump as a lookout, when none of the eyewitnesses noticed anybody standing there, petitioner's counsel argued (in her opening statement) that "the statements contained in the alleged confession don't match up with what happened at the gas station. This is [Detective] Winnick's account of the robbery . . . and not the words of Gustavo Reynoso." Tr. 432. Relying on the part of the accomplices' confession that had been admitted, the Assistant District Attorney argued that Detective Winnick had no reason to fabricate petitioner's confession, "[a]nd if this statement had been a creation, as Miss Povman stated on her opening, of Detective Winnick and not of the defendant, on

2

that statement the defendant would have been on the street, cause that's the information he had." Tr. 725.

The limited use made of the accomplices' confession also highlighted an inconsistency between the part of the accomplices' confession that was admitted and petitioner's confession . This may also support a finding of harmless error. As the Supreme Court has held, "[a] codefendant's confession will be relatively harmless if the incriminating story it tells is different from that which the defendant is alleged to have told, but enormously damaging if it confirms, in all essential respects, the defendant's alleged confession." Cruz v. New York, 481 U.S. 186, 192 (1987). In sum, the error was harmless under the standard applicable here. Fry v. Pililer, 127 S.Ct. 2321 (2007), Brecht v. Abrahamson, 507 U.S. 619 (1993).

2. Petitioner 's remaining ineffective assistance of counsel claims are denied for the reasons stated at pp. 35-37 and pp. 45-46 of the Memorandum of Law filed by the District Attorney.

3. Petitioner's Fourth Amendment argument is not cognizable. Stone v. Powell, 428 U.S. 465 (1976).

**Conclusion**

The petition is denied.

**SO ORDERED:**

Brooklyn, New York
December 11, 2007

*Edward R. Korman*
Edward R. Korman
United States District Judge

3